**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Sergio RAMIREZ–GANDARILLA,
Defendant–Appellant.**

No. 14–40969
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 15, 2015.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Houston, TX, Timothy William Crooks, Assistant Federal Public Defender, Federal Public Defender's Office HOUSTON, TX, for Defendant–Appellant.

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM: *

Sergio Ramirez-Gandarilla pleaded guilty to being an alien unlawfully found in the United States after deportation, having been previously convicted of a felony. Relevant to the appeal, the district court assessed a 12–level "drug trafficking offense" enhancement, pursuant to § 2L1.2(b)(1)(B), based on Ramirez–Gandarilla's 1989 federal conviction for possession with intent to distribute marijuana.

For the first time on appeal, Ramirez–Gandarilla argues that the district court plainly erred by applying the 12–level drug trafficking enhancement under § 2L1.2 because his 1989 federal conviction for possession with intent to distribute marijuana could have been committed without evidence of remuneration or commercial activity.

This court recently held that an enhancement under § 2L1.2(b)(1)(A)(i) for a prior drug trafficking offense, as that term is defined by the Sentencing Commission in § 2L1.2, comment. (n.1(B)(iv)), is warranted regardless of whether the conviction for the prior offense required proof of remuneration or commercial activity. *United States v. Martinez–Lugo*, 782 F.3d 198, 204–05 (5th Cir.2015). Additionally, in *United States v. Rodriguez–Escareno*, 700 F.3d 751, 754 (5th Cir.2012), this court specifically stated that "21 U.S.C. § 841(a)(1) is a federal drug trafficking offense as defined in Application Note 1" of § 2L1.2. Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.